IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03121-GPG

CHARLES E. BACA,

     Applicant,

v.

JAMES FAULK, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

     Respondents.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION
_____

     Applicant, Charles E. Baca, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Baca has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  The court must construe the application liberally because Mr. Baca is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Mr. Baca will be ordered to file an amended application if he wishes to pursue his claims in this action.

     The application is deficient because Mr. Baca fails to provide a clear statement of the claims he is asserting.  Mr. Baca is challenging the validity of his convictions in Lincoln County District Court case number 94CR3.  He asserts three numbered claims for relief in the application.  However, it appears he actually is asserting more than three claims because he includes multiple and distinct legal theories in the three numbered

claims for relief.  For example, Mr. Baca identifies his second claim as a due process

claim, apparently premised on the fact that he was forced to wear a shock belt during

trial, but he also alleges within claim two that trial and postconviction counsel were

ineffective.  In claim three, which also is identified as a due process claim, Mr. Baca

alleges that he was denied due process for multiple reasons, that trial and appellate

counsel were ineffective for multiple reasons, and that he was denied equal protection.

Mr. Baca also fails to provide specific factual allegations in support of each claim

he is asserting that demonstrate his federal constitutional rights have been violated.

For example, Mr. Baca's conclusory assertions that counsel was ineffective are not

sufficient in the absence of specific factual allegations that identify how counsel was

ineffective and how Mr. Baca was prejudiced.  *See Strickland v. Washington*, 466 U.S.

668, 687-88 (1984) (ineffective assistance of counsel claims lack merit unless the

applicant shows that counsel's performance fell below an objective standard of

reasonableness and that counsel's deficient performance resulted in prejudice to the

defense).  Although the court must construe the application liberally, "the court cannot

take on the responsibility of serving as the litigant's attorney in constructing arguments

and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Baca "is in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the

United States District Courts, Mr. Baca must identify the specific federal constitutional

right allegedly violated in each claim he is asserting and he must provide specific

factual allegations in support of each asserted claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Baca file an amended application that clarifies the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Baca shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Baca fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED November 21, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge