IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03121-GPG

CHARLES E. BACA,

    Applicant,

v.

JAMES FAULK, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Charles E. Baca, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Baca initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On December 17, 2014, Mr. Baca filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) (the "Amended Application"). Mr. Baca is challenging the validity of his conviction in Lincoln County District Court case number 94CR3.

    On December 18, 2014, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 8, 2015, Respondents filed their Pre-Answer Response (ECF No. 11) arguing that the Amended Application is untimely and

that some of Mr. Baca's claims are unexhausted and procedurally defaulted.  On February 2, 2015, Mr. Baca filed a reply (ECF No. 12) to the Pre-Answer Response.

The Court must construe the Amended Application and other papers filed by Mr. Baca liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

The following description of the state court proceedings pertinent to Mr. Baca's conviction is taken from an opinion of the Colorado Court of Appeals.

> In August 1994, defendant was convicted on nine felony counts stemming from his attack on three prison guards while he was an inmate at the Limon Correctional Facility.  His conviction was affirmed on appeal, and the mandate issued on April 3, 1997.  *People v. Baca*, (Colo. App. No. 95CA0008, Sept. 5, 1996) (not published pursuant to C.A.R. 35(f)).
>
> On May 29, 1997, defendant, through counsel, filed a Crim. P. 35(b) motion for sentence reconsideration.  The motion was denied on July 31, 1997.
>
> On June 5, 1998, in response to defendant's pro se request, the trial court appointed the public defender "to investigate whether a Rule 35C motion should be filed on defendant's behalf."  Two weeks later, the public defender sought to withdraw due to irreconcilable differences, and asked the trial court to appoint substitute counsel to "continue representing [defendant] on his motion pursuant to Crim. P. 35(*b*) [sic]."  (Emphasis added.)  On July 22, 1998, the trial court ruled that any further motion would be successive and therefore denied as moot defendant's request for substitute counsel "for the purpose of filing a successive 35(*b*) motion."  (Emphasis added.)
>
> Approximately one year later, by letter dated July 11, 1999, defendant again requested that counsel be appointed

> to assist him in filing a Crim. P. 35(c) motion. The trial court appointed counsel (first substitute counsel) on July 16, 1999, "to represent [defendant] re the court's order denying post conviction relief dated 7/22/98." Some six months later, defendant wrote to the court clerk inquiring about the status of the case. On January 12, 2000, the court ordered first substitute counsel to provide a status report within thirty days. One week later, she responded with a motion to withdraw, due to a conflict of interest. The court granted the motion and on February 4, 2000, with only two months remaining before the three-year deadline under section 16-5-402, C.R.S. 2008, appointed second substitute counsel. He withdrew from the case over three years later, not having filed any motions. The court appointed new substitute counsel twice again after expiration of the deadline in response to defendant's repeated complaints that nothing was being done on his case.
>
> Counsel appointed in November 2006 ultimately filed a Crim. P. 35(c) motion on August 27, 2007, more than seven years after expiration of the statutory limitation period. Defendant argued that the motion should be accepted because the late filing was due to justifiable excuse or excusable neglect. Specifically, defendant contended that his postconviction counsel failed to act in his behalf and one of them erroneously told him that a Crim. P. 35(c) motion had been filed. Defendant also argued that his "lack of knowledge of the law, lack of funds, lack of education, and lack of access to legal representation support[ed] a finding of excusable neglect."
>
> The trial court held that defendant had not shown "any valid reason for filing the Motion beyond the three year limitation." On the merits, it concluded that the allegations did not support findings that trial counsel's performance fell below the level of reasonable professional assistance required or that defendant suffered any prejudice. The court accordingly denied the motion without a hearing.

*People v. Baca*, No. 08CA1273, slip op. at 1-3 (Colo. App. July 9, 2009) (unpublished)

(ECF No. 11-7 at 2-4). Mr. Baca appealed and, on appeal, the Colorado Court of

Appeals affirmed in part, reversed as to the finding that the Rule 35(c) motion was

untimely, and remanded for further proceedings. (*See id.*)

On remand, the trial court determined Mr. Baca had justifiable excuse or excusable neglect for his late filing but denied the motion on the merits. That order was affirmed on appeal. *See People v. Baca*, No. 12CA0179 (Colo. App. Feb. 14, 2013) (unpublished) (ECF No. 11-11). On October 7, 2013, the Colorado Supreme Court denied Mr. Baca's petition for writ of certiorari. (*See* ECF No. 11-13.)

Mr. Baca initiated this action on November 19, 2014. In the Amended Application filed on December 17, 2014, he asserts the following three claims for relief:

> (1) trial counsel was ineffective by failing to adequately investigate and support a defense motion for change of venue;
>
> (2) trial counsel was ineffective by failing to object to the use of a shock belt on Mr. Baca during trial; and
>
> (3) his constitutional right to due process was violated by: (a) the trial court's refusal to fire defense counsel Anthony Viorst and appoint alternate defense counsel prior to trial; (b) the use of a shock belt on Mr. Baca at trial that was controlled by biased prison transport officers rather than Lincoln County sheriff's deputies or the court bailiff; (c) the prosecutorial decision to charge Mr. Baca with assaults on correctional officers and omit charges stemming from the original assault on another inmate; (d) the trial court's denial of a defense motion for change of venue; (e) the trial court's refusal to dismiss juror Vick for cause; (f) the unavailability or refusal to provide the defense with crucial medical records of the inmate victim; and (g) postconviction counsel's failure to file a 35(c) motion.

The Court notes initially that claim 3(g) may not be raised in this habeas corpus action because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no

cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Mr. Baca contends in claim 3(g) only that postconviction counsel failed to file a Rule 35(c) motion. Therefore, claim 3(g) does not present a cognizable federal constitutional issue and will be dismissed for that reason.

Respondents first argue that the Amended Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>     (2)  The time during which a properly filed application for
>     State post-conviction or other collateral review with respect
>     to the pertinent judgment or claim is pending shall not be
>     counted toward any period of limitation under this
>     subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Baca's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

The Colorado Supreme Court denied Mr. Baca's petition for writ of certiorari on direct appeal on March 24, 1997.  (*See* ECF No. 11-5.)  Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Baca had ninety days to seek review in the United States Supreme Court but he did not do so.  Therefore, Mr. Baca's conviction became final on June 23, 1997, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

Mr. Baca is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review and he does not argue that he did not know or could not have discovered the factual predicate for his federal constitutional claims before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(C) & (D).

---

[1] The ninetieth day after March 24, 1997, was Sunday, June 22, 1997.  Therefore, the filing period extended until Monday, June 23, 1997.  *See* Sup. Ct. R. 30.1.

Mr. Baca also fails to allege facts that demonstrate he was prevented by unconstitutional state action from filing this action sooner. *See* 28 U.S.C. § 2244(d)(1)(B). To the extent Mr. Baca contends postconviction counsel and the State are responsible for the delay in filing a postconviction Rule 35(c) motion and that he was housed in maximum security without access to adequate legal research materials, those arguments lack merit in the context of § 2244(d)(1)(B). Mr. Baca does not have a constitutional right to postconviction review or appointment of counsel in postconviction proceedings. *See Finley*, 481 U.S. at 556-57. Mr. Baca does have a constitutional right of access to the courts, but the United States Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

> In order to establish a violation of the constitutional right of access, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351, 116 S. Ct. 2174. It follows that, to invoke § 2244(d)(1)(B)'s tolling provision-to show that an "impediment . . . created by State action in violation of the Constitution . . . prevented" the filing of a timely petition-an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Garcia v. Hatch*, 343 Fed. Appx. 316, 318 (10th Cir. 2009) (unpublished) (same); *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner).

*Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010); *see also Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (stating "that whatever constitutes an impediment [under § 2244(d)(1)(B)] must *prevent* a prisoner from filing his petition").

Mr. Baca fails to allege specific facts that demonstrate his constitutional rights were violated or that he actually was prevented from filing a federal habeas petition. As a result, the Court concludes that § 2244(d)(1)(B) is not applicable and that the one-year limitation period began to run when Mr. Baca's conviction became final on June 23, 1997.

Mr. Baca did not initiate this action within one year after June 23, 1997. Therefore, the next question the Court must address is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into

relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

In addition to statutory tolling under § 2244(d)(2), the one-year limitation period also may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

The Court agrees with Respondents that the one-year limitation period was tolled pursuant to § 2244(d)(2) while Mr. Baca's postconviction Rule 35(b) motion was pending. As noted above, the Rule 35(b) motion was filed on May 29, 1997, which was before the one-year limitation period began to run, and was denied on July 31, 1997.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time the Rule 35(b) motion was denied, Mr. Baca had forty-five days to file a notice of appeal[2] but he did not do so. Therefore, the one-year limitation period was tolled until the time to appeal expired on September 15, 1997.[3]

The issue of whether the one-year limitation period should be tolled for any additional period of time after September 15, 1997, is complicated by the confusing and protracted state court proceedings relevant to Mr. Baca's efforts to seek postconviction relief under Rule 35(c). However, even assuming, as Respondents do, that the one-year limitation period was tolled for equitable reasons from July 22, 1998, until the Colorado Supreme Court denied certiorari review in connection with the state court postconviction Rule 35(c) proceedings on October 7, 2013, the instant action still is untimely.

Respondents are correct that the time between September 15, 1997, and July 22, 1998, which is approximately ten months, counts against the one-year limitation period. Respondents also are correct that the time after the state court postconviction proceedings concluded on October 7, 2013, and before this action was commenced on November 19, 2014, which by itself exceeds one year, counts against the one-year limitation period. Mr. Baca's contention that he is entitled to an additional ninety days of statutory tolling under § 2244(d)(2) after October 7, 2013, to file a petition for writ of certiorari in the United States Supreme Court lacks merit. *See Lawrence v. Florida*, 549

---

[2] The current version of Colo. App. R. 4(b), amended effective July 1, 2012, allows forty-nine days to file a notice of appeal.

[3] The forty-fifth day after July 31, 1997, was Sunday, September 14, 1997. Therefore, the filing deadline extended until Monday, September 15, 1997. *See* C.A.R. 26(a).

U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)92) does not toll the 1-year limitations period during the pendency of a petition for certiorari."). Therefore, even assuming the one-year limitation period was equitably tolled from July 1998 until October 2013, this action is untimely.

Mr. Baca presents several arguments relevant to equitable tolling, including his assertions that the attorneys appointed to represent him in the state court postconviction proceedings abandoned his case, that the State is responsible for the delays in the state court postconviction proceedings because the State failed to monitor the appointed postconviction attorneys who were allowed to procrastinate, and that he was confined in a maximum security setting without access to adequate legal research materials. However, these arguments do not address the propriety of equitable tolling for any period of time other than the time from July 1998 to October 2013 that the Court already has assumed should be excluded. Furthermore, even assuming Mr. Baca could identify some extraordinary factor that would justify equitable tolling after October 2013, he fails to allege any facts that demonstrate he pursued his claims diligently during that period of time.

In conclusion, Mr. Baca's federal constitutional claims are untimely and will be dismissed for that reason. Because the entire action will be dismissed for the reasons specified, the Court will not address Respondents' alternative argument that some of Mr. Baca's claims are unexhausted and procedurally defaulted. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of

appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that claim 3(g) in the Amended Application is dismissed for failure to raise a cognizable federal constitutional issue.  It is

FURTHER ORDERED that Applicant's federal constitutional claims in the Amended Application are dismissed as untimely.  It is

FURTHER ORDERED that the Application (ECF No. 1) and the Amended Application (ECF No. 6) are denied and the action is dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  19th  day of   February   , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court